UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 21-21751-CIV-MORENO**

PALMETTO WEST PARK CONDOMINIUM,
INC.,

        Plaintiff,

vs.

EMPIRE INDEMNITY INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS DECLARATORY JUDGMENT CLAIM (COUNT II) IN PLAINTIFF'S COMPLAINT

THIS CAUSE came before the Court upon Defendant Empire Indemnity Insurance Company's motion to dismiss **(D.E. 3)**, filed on **May 10, 2021**. Empire moved to dismiss the declaratory judgment claim in Plaintiff Palmetto West Park Condominium's complaint. Because the declaratory judgment claim is duplicative of Palmetto's breach of contract claim, Empire's motion to dismiss is granted.

## I. BACKGROUND

This is a Hurricane Irma insurance dispute case originally filed in state court. On May 7, 2021, the Defendant insurer, Empire Indemnity Insurance Company, removed this case. According to Empire's notice of removal, there is diversity jurisdiction because the amount in controversy exceeds $75,000[1] and the Plaintiff insured, Palmetto West Park Condominium, Inc., is a Florida corporation and Empire is incorporated in Oklahoma with its principal place of business in Illinois.

---

[1] Empire attached a Sworn Statement of Proof of Loss to its notice of removal. According to the sworn statement, Plaintiff's insurance claim is for $5,185,922.72. (D.E. 1-2).

1

Palmetto's two-count state court complaint against Empire arises out of the commercial insurance policy issued by Empire to Palmetto concerning the insured property located at 7750-7884 NW 46th Street, Doral, Florida 33166. According to the complaint, the policy was in effect at the time that the property was damaged by Hurricane Irma and the damages are a covered loss under the policy. Palmetto alleges it submitted a claim to Empire on September 14, 2017 regarding the loss, and, on November 8, 2017, Empire tendered no payment because it valued the damages below the deductible.

Later, on May 13, 2019, Palmetto notified Empire that it disagreed with Empire's evaluation of the loss and sought to invoke an appraisal in accordance with the policy. On June 26, 2019, Empire denied that appraisal request. Palmetto then filed this lawsuit in state court in March 2021.

For the breach of contract claim (Count I), as alleged, Palmetto and Empire entered a written contract, the policy, wherein Palmetto agreed to pay premiums to Empire in exchange for coverage of the property. Palmetto alleges that Empire breached the policy when it failed to pay insurance proceeds to Palmetto for the covered loss to the insured property and Palmetto has sustained damages as a result.

For the declaratory judgment claim (Count II), which references Florida's Declaratory Judgment Act, § 86.011, Palmetto requests that the court "interpret and determine the parties' rights and obligations under the policy." More specifically, Palmetto alleges that all documentation requested by Empire that is in Palmetto's possession has been provided and Palmetto has been willing and able to comply with the post-loss obligations required by the policy, such as an examination under oath. As alleged, given that Palmetto has substantially complied with its post-

2

loss obligations under the policy, it requests a declaratory judgment making such a finding, as well as attorney's fees.

Empire now moves to dismiss Palmetto's complaint because the declaratory judgment count fails to state a cause of action and is duplicative of the breach of contract claim. Palmetto filed a response in opposition, maintaining that it sufficiently alleged a Federal Declaratory Judgment Act claim, and it could plead its declaratory judgment claim in the alternative under Florida law. (D.E. 5, at 2-4). Notably, Palmetto did not address the cases cited by Empire for the proposition that a declaratory judgment claim is duplicative when it is subsumed within a breach of contract claim. *See Fernando Grinberg Trust Success Int. Props. LLC v. Scottsdale Ins. Co.*, Case No. 10-20448, 2010 WL 2510662, at *1 (S.D. Fla. June 21, 2010) (dismissing declaratory judgment claim where the plaintiff insured "w[ould] be able to secure full, adequate and complete relief through the breach of contract claim"); *see also Gentry v. Harborage Cottages-Stuart, LLLP*, Case No. 08-14020-CIV, 2008 WL 1803637, at *4 (S.D. Fla. Apr. 21, 2008) ("Here, the claim for declaratory judgment is superfluous because Plaintiffs' other claims will resolve all the disputed issues before this Court. Therefore, this Court exercises its discretion to dismiss the claim for declaratory judgment."). Empire did not file a reply and the time to do so has passed.

## II. LEGAL STANDARD

"The Declaratory Judgment Act confers on federal courts a 'unique and substantial discretion in deciding whether to declare the rights of litigants.'" *Stevens v. Osuna*, 877 F.3d 1293, 1311 (11th Cir. 2017) (*Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)). "'The statute's textual commitment to discretion, and the breadth of leeway [the Supreme Court] has always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface.'" *See id.* (citing *Wilton*, 515

3

U.S. at 286-87). Under the federal act, district courts are vested with such discretion "because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." *Wilton*, 515 U.S. at 289.

### III. DISCUSSION

As a preliminary matter, the Court shall first address whether Palmetto's Florida Declaratory Judgment Act claim should be construed as a claim under the Federal Declaratory Judgment Act. The Court shall then address whether the declaratory judgment claim is duplicative of the breach of contract claim in the complaint.

#### A. Palmetto's Florida Declaratory Judgment Act claim should be construed as a claim brought under the Federal Declaratory Judgment Act.

In its motion to dismiss, Empires states, "[a]s a preliminary matter, it should be noted that although [Palmetto's] Complaint cites to Florida's Declaratory Judgment Act, [] some federal courts in Florida have declined to apply Florida Declaratory Judgment Act—declaring it to be procedural only—and have instead applied the Federal Declaratory Judgment Act." *See Ocean's 11 Bar & Grill, Inc. v. Indemnity Ins. Corp.*, Case No. 11-61577-CIV, 2011 WL 3843931, at *2 n. 2 (S.D. Fla. Aug. 26, 2011) (collecting cases). Despite surveying federal courts in Florida that declined to apply the Florida Declaratory Judgment Act, the district court in *Ocean's 11* stated that, under Florida law, Florida's Declaratory Judgment Act was substantive. *See id.* (citing § 86.101) ("This chapter is declared to be substantive and remedial. Its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed."); *see also Marco Island Cable, Inc. v. Comcast Cablevision of the South, Inc.*, 509 F.Supp.2d 1158, 1160 (M.D. Fla. 2007) ("The Florida Declaratory Judgment Act is substantive law intended to be remedial in nature[] and is to

4

be liberally administered and construed.") (citing *Higgins v. State Farm Fire and Cas. Co.*, 894 So.2d 5, 10-12 (Fla. 2004)).

Notwithstanding the federal district courts in Florida that have found Florida's Declaratory Judgment Act to be "substantive," *see Ocean's 11*, 2011 WL 3843931, at *2 n. 2, in an unpublished decision, the Eleventh Circuit found that Florida's act is procedural. *See Coccaro v. Geico Gen. Ins. Co.*, 648 Fed. Appx. 876, 880-81 (11th Cir. 2016) ("Florida's Declaratory Judgment Act, found in Chapter 86 of the Florida Statutes, is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights.") (collecting cases).

Since the panel's decision in *Coccaro*, federal courts in this district have cited the decision when construing claims brought by plaintiffs under Florida's Declaratory Judgment Act as if they were brought under the Federal Declaratory Judgment Act. *See Nahmad v. AIG Prop. Cas. Co.*, Case No. 18-23622, 2019 WL 7971655, at *2 (S.D. Fla. Apr. 25, 2019) (Martinez, J.); *Slaine v. AIG Prop. Cas. Co.*, Case No. 19-81392, 2019 WL 8989667, at *1 (S.D. Fla. Nov. 15, 2019) (Middlebrooks, J.); *Davis v. Nationwide Ins. Co. of Am.*, Case No. 19-80606, 2019 WL 7881629, at *2 (S.D. Fla. Nov. 14, 2019) (Smith, J.); *United State Sols., LLC v. Powell*, Case No. 19-61970, 2019 WL 9045387, at *2 (S.D. Fla. Oct. 10, 2019) (Dimitrouleas, J.); *Ansin v. Villella*, Case No. 17-23789, 2018 WL 3089331, at *3 (S.D. Fla. Jan. 4, 2018) (Altonaga, J.); *Purdy Lane, Inc. v. Scottsdale Ins. Co.*, Case No. 20-80966, 2020 WL 6484134, at *1 (S.D. Fla. Aug. 20, 2020) (Marra, J.); *AquaDry Plus Corp. v. Rockhill Ins. Co.*, Case No. 19-62331, 2020 WL 927440, at *2 (S.D. Fla. Feb. 26, 2020) (Scola, J.).

While Empire does not argue that the Federal Declaratory Judgment Act should apply to this case, in its opposition, Palmetto maintains that it has sufficiently alleged a claim under the

Federal Declaratory Judgment Act. This Court shall construe Palmetto's Florida Declaratory Judgment Act cause of action as a claim under the Federal Declaratory Judgment Act. In *Ministerio Evangelistico*, this Court noted that "Florida's Declaratory Judgment Act is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights." *Ministerio Evangelistico Int'l v. United Specialty Ins. Co.*, Case No. 16-25313, 2017 WL 1363344, at *1 (S.D. Fla. Apr. 5, 2017) (citing *Coccaro*, 648 Fed. Appx. at 880). Thus, in this case, "[b]ecause declaratory relief presents a procedural issue, this Court construes [Palmetto's] claim for declaratory relief under the federal Declaratory Judgment Act." *Id.* (citing 28 U.S.C. § 2201).

### B. Palmetto's declaratory judgment claim is dismissed because it is duplicative of its breach of contract claim.

"The federal [Declaratory Judgment] Act grants federal courts discretion to decide whether to issue declaratory relief." *Ministerio Evangelistico*, 2017 WL 1363344, at *1 (citing 28 U.S.C. § 2201(a)). Section 2201(a) provides as follows: "In an actual controversy within its jurisdiction...any court of the United States, upon the filing of an appropriate pleading, ***may*** declare the rights and other legal relations of any interested party seeking such declaration." § 2201(a) (emphasis added).

Palmetto does not address the cases cited by Empire for the proposition that district courts, in their discretion, may dismiss Federal Declaratory Judgment claims where such claims are "superfluous" and "other claims will resolve all the disputed issues before th[e] Court." *See Gentry*, 2008 WL 1803637, at *4; *see also Fernando Grinberg*, 2010 WL 2510662, at *2 ("Since the Plaintiff's claim for declaratory judgment is subsumed within its claim for breach of contract, the declaratory judgment must be dismissed."). Palmetto also fails to address how it will not secure

full, adequate, and complete relief if the Court dismisses its declaratory judgment claim but allows its breach of contract claim to proceed.

*Ministerio Evangelistico* is instructive here. In that case, the defendant insurer moved to dismiss the declaratory relief claim because "it [was] duplicative and w[ould] be resolved by the breach of contract claim." *Ministerio Evangelistico*, 2017 WL 1363344, at *2. This Court agreed with the defendant insurer, noting that "[i]f the determination of [plaintiff insured's] breach of contract claim involves the same factual dispute as to the declaratory relief claim, then [plaintiff insured] 'will be able to secure full, adequate and complete relief through the breach of contract claim' and consequently 'the declaratory action must be dismissed.'" *Id.* (citing *Fernando Grinberg*, 2010 WL 2510662, at *1-2). After reviewing the complaint, the Court found that "[a] determination of the breach of contract claim involve[d] the same actual dispute as the declaratory relief claim, namely, to what extent the [] damage was covered by the insurance policy." *Id.* This Court subsequently granted the defendant insurer's motion to dismiss, dismissed the declaratory judgment claim, and allowed the breach of contract claim to proceed. *Id.*

The same result follows here because Palmetto's declaratory judgment claim involves the same factual dispute as the breach of contract claim. In its breach of contract claim, Palmetto alleges that it entered a written contract, the policy, with Empire, whereby Palmetto agreed to pay insurance premiums to Empire and Empire agreed to insure Palmetto's property. Palmetto further alleges that it has "paid all premiums due and owing as contemplated by the Policy" and is "fully performing obligations under the Policy," including "all post-loss obligations to the best of [its] ability." Despite doing so, Palmetto claims Empire has breached the policy by not paying for the damage to the property, a covered loss under the policy. Specifically, Palmetto alleges that "[Empire] has failed to: (i) acknowledge that payment would be forthcoming; and/or (ii) make any

payment of insurance proceeds to [Palmetto]." Palmetto claims that it has sustained damages as a result of Empire's breach. Palmetto seeks money damages, interest, court costs, and reasonable attorney's fees under Florida law.

In its declaratory judgment claim, Palmetto "requests this [] court to interpret and determine the parties' rights and obligations under the insurance policy." In the wherefore clause, Palmetto "seeks the entry of a declaratory judgment against [Empire] holding that [Palmetto] has substantially complied with the post-loss obligations under the [p]olicy, plus costs and attorney's fees." Because "the determination of [Palmetto's] breach of contract claim involves the same factual dispute as to the declaratory relief claim [whether Empire breached the policy and Palmetto is entitled to money damages], [] [Palmetto] 'will be able to secure full, adequate and complete relief through the breach of contract claim.'" *Ministerio Evangelistico*, 2017 WL 1363344, at *2 (citing *Fernando Grinberg*, 2010 WL 2510662, at *1-2). Thus, Empire's motion to dismiss Palmetto's declaratory judgment claim is granted.[2]

## IV. CONCLUSION

Accordingly, for the foregoing reasons, it is **ADJUDGED** that Empire's motion to dismiss the declaratory judgment claim (Count II) in Palmetto's complaint is **GRANTED**. "This Court exercises its discretion to dismiss [Palmetto's] claim for declaratory relief. The rights and legal relations of the parties are being adjudicated through the breach of contract claim, which will resolve all the disputed issues before this Court. Therefore, declaratory relief is unlikely to serve a

---

[2] Empire argues that Palmetto's declaratory judgment claim should also be dismissed because Palmetto's declaratory judgment claim "lacks specificity, raises no actual question of policy language construction or validity, does not properly state a need for clarification of specific provisions of the policy, and does not even cite any policy language applicable to this claim." (D.E. 3, at 5). "Because this Court declines to exercise jurisdiction over [Palmetto's] declaratory relief claim, it need not reach [Empire's] alternative arguments." *Ministerio Evangelistico*, 2017 WL 1363344, at *2 n.3.

useful purpose." *See Ministerio Evangelistico*, 2017 WL 1363344, at *2. Empire shall file its answer to the remaining count by **September 22, 2021**.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st of August 2021.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record