UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 21-21751-CIV-MORENO

PALMETTO WEST PARK CONODMINIUM,
INC.,

        Plaintiff,

vs.

EMPIRE INDEMNITY INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL APPRAISAL

The matter before the Court is a Motion to Compel Appraisal **(D.E. 20)**, filed on **November 15, 2021**, by Plaintiff Palmetto West Park Condominium, Inc. ("Palmetto"). Upon consideration, the Motion is DENIED with leave to refile if appropriate.

### I. BACKGROUND

Defendant Empire Indemnity Insurance Company ("Empire") issued an insurance policy to Palmetto for a property located in Doral, Florida. The policy was in effect on September 10, 2017, when the property sustained damages resulting from Hurricane Irma. Palmetto made a request for coverage under the policy. Empire denied coverage, as it determined that the estimated damage was less than the policy's $350,000 deductible. Empire then closed the claim. Empire reopened the claim when Palmetto provided a damage estimate in the amount of $5,535,922. Palmetto invoked the policy's appraisal provision and designated its appraiser. Empire denied the appraisal request, and again denied coverage. Palmetto filed suit in state court, which Empire removed to federal court, alleging that Empire breached its duty under the

policy by denying coverage. In the Motion to Compel Appraisal, Palmetto argues that the following appraisal provision applies to the parties' dispute:

> **E. Loss Conditions**
>    The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
>    **2. Appraisal**
>       If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.

Empire makes two main arguments in its Response in Opposition to Palmetto's Motion to Compel Appraisal. First, Empire argues that Palmetto waived its right to an appraisal when it acted inconsistently with its request for appraisal. Second, it argues that Palmetto's Motion is premature because appraisal is not appropriate unless and until coverage is established.

## II.  ANALYSIS

As an initial matter, the Court disagrees with Empire's argument that Palmetto waived its right to appraisal by actively litigating this case. Under Florida law, "[a] waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal." *Fla. Ins. Guar. Ass'n v. Maroulis*, 153 So. 3d 298, 300 (Fla. Ct. App. 2014). But while active participation in litigation can be considered inconsistent with a request for appraisal, Florida law also requires a showing of prejudice to the nonmoving party. *See Shoma Development Corp. v. Rodriguez*, 730 So. 2d 838, 839 (Fla. Ct. App. 1999). Empire has not argued prejudice. It simply points to Palmetto's participation in litigation as the basis for waiver. Nor does a review of the record reveal prejudice.

That said, the Court agrees with Empire that appraisal is not appropriate unless and until coverage is established. Coverage questions—"when an insurer wholly denies that there is a covered loss"—are for the court. *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1022

(Fla. 2002). Amount-of-loss questions—"when an insurer admits that there is a covered loss, the amount of which is disputed"—are for appraisers. *Id.* It follows that coverage must be established before a court can compel appraisal. *See id.*

Here, the parties dispute whether coverage exists. Florida law is clear that an insured "must meet all of the policy's post-loss obligations before appraisal can be compelled." *Palm Bay Yacht Club v. Lexington Ins. Co.*, No. 18-23888, 2019 WL 1112278, at *4 (S.D. Fla. 2019), *adopted by* 2019 WL 2255561. After reopening the claim in light of Palmetto's damage estimate above the policy's deductible, Empire requested that Palmetto produce necessary documents to assist Empire in its investigation of the claim. Palmetto complied with some, but not all, of Empire's requests. Empire sent a letter to Palmetto, again denying coverage, this time on the ground that Palmetto had failed to comply with its post-loss duties by failing to produce the requested documentation relevant to the claim investigation. Empire relied on the following post-loss provision in the policy:

> **E. Loss Conditions**
> **3. Duties In The Event Of Loss Or Damage**
> **a.** You must see that the following are done in the event of loss or damage to Covered Property:
> **(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.
> **(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
> **(8)** Cooperate with us in the investigation or settlement of the claim.

Before compelling appraisal, the Court must first determine whether Palmetto failed to comply with this post-loss provision, and if failure to do so constitutes forfeiture of coverage. As

3

such, Palmetto's Motion to Compel Appraisal is **DENIED** with leave to refile in the event that the Court later finds that coverage exists.

DONE AND ORDERED in Chambers at Miami, Florida, this ___12___ of December 2021.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

4